ROSE HARRIS COOPER *vs.* CIVIL SERVICE COMMISSIONERS.

Suffolk.    May 7, 1943. — May 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Civil Service.*

A person to be transferred from one office or employment in the classified public service to another upon application of the "appointing authority" under G. L. (Ter. Ed.) c. 31, § 16A, inserted by St. 1939, c. 506, § 3, is not a "person aggrieved" by a decision of the director of civil service declining to authorize the transfer and is not entitled to appeal therefrom to the commission under § 2 (b) as appearing in St. 1939, c. 238, § 10.

There was no occasion for the civil service commission to consider an attempted appeal under G. L. (Ter. Ed.) c. 31, § 2 (b), as inserted by St. 1939, c. 238, § 10, from a decision of the director where the only appeal filed was by one not a "person aggrieved" by such decision.

PETITION, filed in the Superior Court on February 24, 1943, for a writ of mandamus.

The case was heard by *Brown,* J.

*A. West,* for the petitioner.

*R. T. Bushnell,* Attorney General, *& R. Clapp,* Assistant Attorney General, for the respondents, submitted a brief.

FIELD, C.J. This petition for a writ of mandamus was brought in the Superior Court against the members of the civil service commission, herein referred to as the commission. G. L. (Ter. Ed.) c. 13, §§ 1, 2, as appearing in St. 1939, c. 238, §§ 1, 2. The commission demurred to the petition on several grounds, among them the ground that the petition "sets forth no cause or matter whatsoever entitling the petitioners [sic] to relief by way of a writ of mandamus." Orders were entered sustaining the demurrer and dismissing the petition. The petitioner appealed to this court.

There was no error.

The facts alleged in the petition are, in substance, as follows: The petitioner, on December 1, 1934, was "certified for permanent employment in the city of Boston as a permanent social worker in the board of overseers of public welfare." On or about December 30, 1941, the petitioner was "approved for transfer from the said position of permanent social worker in the service of the said city of Boston which position she has held and worked at for more than one year, to that of supervisor of attendance in the Boston school department of said city . . . by a legal vote of the school committee of the said city of Boston, . . . appointing authority of said department; which vote has not been legally withdrawn or rescinded." On or about December 31, 1941, the petitioner, "a resident of Boston, signed a request for said transfer from the position of permanent social worker, in said city to that of supervisor of attendance in said city, said positions being similar. . . . Said request for transfer being signed by the secretary of the overseers of public welfare of said city." On or about January 2, 1942, "an application in writing for said transfer was forwarded, as required by law, to the director of civil service, by the appointing authority, the said school committee of the city of Boston." On or about February 18, 1942, the director of civil service made a decision declining to authorize the transfer, and on or about February 22, 1942, the petitioner appealed from said decision to the commission. On or about March 10, 1942, the petitioner's appeal was heard by the commission. On or about April 30, 1942, the commission

declined to render a decision, and stated to the petitioner in a letter that "The records of the school committee show that upon receipt of this refusal of the director, the committee voted to place the request for the transfer on file. In view of these facts, the commissioners are of the opinion that there is nothing before them for consideration, and, therefore, voted to take no action." The petition sets forth further correspondence between counsel for the petitioner and the secretary of the school committee, between the commission and the school committee, and between counsel for the petitioner and the commission. In one of these letters, that of the secretary of the school committee to counsel for the petitioner, on or about September 28, 1942, it appears that the report from the director of civil service was "placed on file," and in another of these letters, that of the secretary of the school committee to the commission, on or about October 27, 1942, it appears that the secretary of the school committee was directed by the committee "to inform the commissioners that there is no request pending for Mrs. Cooper's transfer." On or about November 10, 1942, the petitioner was given a further hearing by the commission, "all to no avail."

The petitioner seeks by her petition a writ commanding the commission to render a decision upon her appeal to the commission from the decision of the director of civil service.

Statutes relating to the transfer of a person within the classified civil service include the following: General Laws (Ter. Ed.) c. 31, § 43, provides that "every person holding office or employment in the classified public service of the commonwealth, or of any county, city or town thereof, shall hold such office or employment and shall not be removed therefrom, lowered in rank or compensation or suspended, or without his consent transferred from such office or employment to any other, except for just cause" and in accordance with certain fixed procedure. General Laws (Ter. Ed.) c. 31, § 16A, as inserted by St. 1939, c. 506, § 3, provides: "The director shall, with the approval of the commission, provide by rule for the transfer of persons

within the classified service from offices or positions in one department to offices or positions in the same or different departments . . . without regard to classification if, in his opinion, such transfers will be in the public interest. No such transfer shall be made without the approval and consent of the appointing authority in the department or departments involved. Except as otherwise provided by law, any person duly certified for permanent employment and actually employed for at least one year in any position in the classified civil service may, after application in writing to the director by the appointing authority and with the consent of the director, be transferred to another similar position." General Laws (Ter. Ed.) c. 31, § 2, as appearing in St. 1939, c. 238, § 10, provides in part that, in addition to other duties, "the commission shall . . . (b) Hear and decide all appeals from any decision of the director upon application of a person aggrieved by such decision."

It does not appear that the director, with the approval of the commission, has provided by rule for "the transfer of persons within the classified service from offices or positions in one department to offices or positions" in some other department, as authorized by said § 16A. The present case, therefore, must be decided solely under the statutory provisions.

The statutes do not confer upon a person within the classified civil service the right to be transferred from one office or employment to another. On the contrary, the statutes protect such a person against such a transfer without his consent. § 43. Subject to certain limitations, a transfer is made by the "appointing authority" "with the consent of the director" to such transfer (§ 16A) and with the consent of the person to be transferred. § 43. And it is the "appointing authority" that must make an "application in writing to the director" for such transfer. § 16A. There is no provision in the statutes for such an application by the person in the classified civil service whose transfer is sought. Such an application would be useless, at least unless accompanied by the consent of the "appointing authority," for the statutes specifically provide that "No such

transfer shall be made without the approval and consent of the appointing authority in the department or departments involved." § 16A. Of course an application for a transfer by the "appointing authority" would also be useless if the person to be transferred did not consent to the transfer, but it is apparent that the statutes contemplate that as matter of procedure the "appointing authority" shall make the application for transfer. Naturally the "appointing authority" making such application would be the "appointing authority" in the department to which the transfer was to be made, and we need not consider whether such an application could be made by the "appointing authority" in the department from which the transfer was to be made for it made no such application in the present case. Since it is the "appointing authority" that makes the application to the director of civil service for consent to the transfer, it is such "appointing authority" that is the "person aggrieved" by the decision of the director refusing such consent. § 2 (b). The person to be transferred is not such a "person aggrieved." Whether the person to be transferred would be aggrieved by a decision of the director consenting to a transfer need not be considered. The remedy of such a person, if transferred without his consent, ordinarily would be the remedy provided by § 43 and related sections.

The facts alleged in the petition, considered in the light of these statutes, fail to show that there is any matter with respect to the transfer of the petitioner that is before the commission for decision. The proceeding for transfer was instituted by the petitioner by a request signed by her which was also signed by the secretary of the board of overseers of public welfare — the department in which the petitioner was employed. We assume in favor of the petitioner that this request signed by the secretary of the board of overseers of public welfare constituted approval and consent of the "appointing authority" in the department in which she was employed. It appears also that the "appointing authority" in the department to which she sought to be transferred, the school committee, approved

and consented to the transfer on or about December 30, 1941, and it is alleged that such approval and consent has not been legally withdrawn or rescinded. The school committee, as the "appointing authority" in the department to which the transfer was sought, made an "application in writing to the director" for his consent to the transfer. But such consent was refused by him. This put an end to the proceeding for transfer unless there was a valid appeal from the refusal of the director to consent to such transfer.

But there was no such valid appeal. The only party aggrieved by the refusal of the director to consent to the transfer was the party applying for such consent, the school committee. There is, however, no allegation that the school committee appealed from the decision of the director. And the allegations of the petition, though perhaps somewhat ambiguous, are consistent with there having been no such appeal. The school committee placed on file the communication from the director reporting that he had declined to authorize the transfer. And the school committee also placed on file the petitioner's request for a transfer. Both of these actions were consistent with the school committee's taking no appeal from the decision of the director and accepting his decision as final. The report of the school committee to the commission "that there is no request pending for Mrs. Cooper's transfer" also was consistent with this situation, whether the word "request" as here used refers to the petitioner's request for a transfer which had been finally disposed of by the decision of the director without appeal therefrom by the school committee or to the school committee's application for the transfer of the petitioner which also had been finally disposed of by the decision of the director without appeal therefrom. The fact that the school committee had originally approved and consented to the transfer, even though its vote to that effect had not been withdrawn or rescinded, did not require the school committee to press the matter beyond an adverse decision of the director by appealing therefrom to the commission.

The commission apparently gave some recognition to an appeal by the petitioner from the decision of the director, but when the commission, after ascertaining upon investigation that the school committee was not seeking review of the decision of the director, made no decision, it acted properly since the matter was not before the commission upon an appeal by a party aggrieved by the decision of the director.  Doubtless the petitioner was vitally interested in the matter of the transfer, but, since such transfer could be made only with "the approval and consent of the appointing authority in the department or departments involved" (§ 16A), it would serve no useful purpose for the commission — even if it had authority to do so — to review the decision of the director refusing consent to the transfer if the school committee, the "appointing authority" in the department to which the transfer was to be made, did not seek review of this decision of the director. The petitioner acquired no right to a transfer by reason of the original approval and consent of the school committee thereto.  Notwithstanding such original approval and consent, the school committee could thereafter decline to make the transfer even if the director or the commission upon appeal consented thereto.  And the failure of the school committee to appeal from the decision of the director was a clear indication that, so far as it was concerned, the matter had become moot and that there was no occasion for the commission to make a decision reviewing the decision of the director.

It follows that the order sustaining the demurrer and the order that the petition be dismissed must be affirmed.

*So ordered.*