WILLIAM E. CAULFIELD, JUNIOR, *vs.* FIRE COMMISSIONER OF BROOKLINE.

Norfolk. November 8, 1957. — January 2, 1958.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Civil Service. Words,* "Hear and decide."

The director of civil service and the civil service commission have no authority to act under G. L. (Ter. Ed.) c. 31, § 46C, as appearing in St. 1945, c. 704, § 8, as amended, with respect to the reinstatement of a civil service employee separated from the service by illness where there is neither a request for his reinstatement by the appointing authority nor a demand by him upon the appointing authority for such a request. [571]

If, under G. L. (Ter. Ed.) c. 31, § 46C, as appearing in St. 1945, c. 704, § 8, as amended, a civil service employee separated from the service by illness should make direct application to the director for approval of his reinstatement upon a failure of the appointing authority to request his reinstatement on his demand, the commission, upon an appeal by him under § 2 (b), as appearing in St. 1945, c. 725, § 1, from a denial of the application by the director, would be bound to afford the appointing authority a hearing on the matter after due notice. [571–572]

PETITION for a writ of mandamus, filed in the Superior Court on November 12, 1953.

The petition was denied by *Donahue, J.* The petitioner appealed from a judgment entered accordingly.

*Charles J. Kickham, Jr.,* for the petitioner.

*Daniel G. Rollins,* (*Lawrence R. Cohen* with him,) for the respondent.

CUTTER, J. The petitioner seeks by his petition for a writ of mandamus to compel the respondent to reinstate the petitioner in his position as fire alarm operator in which he

had been serving prior to July 21, 1951. Then because of physical incapacity to perform his duties, the petitioner was relieved of his active duties and given a leave of absence without pay. On or about December 4, 1952, after hospitalization and treatment, the petitioner applied to the respondent for reinstatement, supporting his application by a medical certificate. The respondent refused to reinstate him and the petitioner applied on January 21, 1953, to the civil service commission for reinstatement, purporting to act under G. L. (Ter. Ed.) c. 31, § 46C, as appearing in St. 1945, c. 704, § 8, as amended by St. 1947, c. 373, § 2.[1] The director of civil service (hereinafter called the director) denied his application and he applied to the commission for a review of the director's action. The respondent in his answer admits that he received a letter about July 15, 1953, from the commission's secretary which stated that "the commissioners voted to reverse the action of the director and to authorize . . . [the petitioner's] reinstatement." The respondent, despite this reported ruling which he contends "was not in accordance with law and . . . of no effect," has "consistently refused to reinstate the" petitioner.

The trial judge denied the petition and the petitioner appeals. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

The trial judge apparently heard the case on those allegations of the petition which were not denied by the answer (possibly together with the affirmative allegations in the answer, so far as accepted by the petitioner) and the facts

[1] The section as so amended reads in part as follows: "An . . . employee . . . of any city or town who has been separated from the official or labor service for any reason other than . . . [exceptions not here pertinent] may, *upon the request of the appointing authority* and with the approval of the director, be reinstated in the same position or in a position in the same class and grade as that formerly held by him. If the director fails to approve the reinstatement of such officer or employee within thirty days after the request of the appointing authority, the appointing authority or such officer or employee may make a request for a hearing before the director. If the separation from service of such an officer or employee was due to illness, and the appointing authority fails to make a request for reinstatement upon demand of such officer or employee, the officer or employee may make a request for a hearing before the director. In either case, the director shall forthwith hold a hearing, hear all parties concerned, and render his decision" (emphasis supplied).

stated above are based on this portion of the pleadings. There is no indication in the record that any evidence was offered at the trial.

1. General Laws (Ter. Ed.) c. 31, § 46C, as amended (see note 1, *supra*), provides that an employee who has been separated from the service "may, *upon the request of the appointing authority* and with the approval of the director" (emphasis supplied), be reinstated. Section 46C also provides that if "the separation from service . . . was due to illness, and the appointing authority fails to make a request for reinstatement upon demand of such . . . employee, the . . . employee may make a request for a hearing before the director." There is here no allegation or proof of either (a) a request by the respondent, the appointing authority, for the petitioner's reinstatement, or (b) any demand by the petitioner that the respondent make a request for such reinstatement. Under § 46C these are statutory conditions precedent to any authority of the director or of the civil service commission to act in the matter.

2. Even if the petitioner had alleged and shown that he had in fact made a demand on the respondent to ask the director for approval of the petitioner's reinstatement, thus making it possible for the petitioner to apply directly to the director for such approval, the petitioner has not established on this record that the commission reversed the action of the director after hearing or upon three affirmative votes of the commission. General Laws (Ter. Ed.) c. 31, § 2 (b), as appearing in St. 1945, c. 725, § 1, provides (in part) that the commission shall "[*h*]*ear and decide* all appeals from any decision . . . of . . . the director, upon application of a person aggrieved thereby; provided, that no decision . . . of the director shall be reversed . . . except by three affirmative votes of the commission" (emphasis supplied). The recent case of *Moore* v. *Civil Service Commission,* 333 Mass. 430, 435, establishes that with respect to an appeal from the director by "a person aggrieved," the commission is bound to hold a hearing. The words "hear and decide" import a quasi judicial hearing after due notice of time and

place of hearing. We think that the statute contemplates that due opportunity to be heard at such a hearing must be afforded to the appointing authority. Clearly he would have been sufficiently a "person aggrieved" to have been entitled to appeal from a decision of the director granting an approval of reinstatement which he did not request and did not desire. See *Cooper* v. *Civil Service Commissioners,* 314 Mass. 76, 81–82; *City Manager of Medford* v. *Civil Service Commission,* 329 Mass. 323, 330. Since the allegations of the petition with respect to the proceedings before the commission are in major part denied by the respondent, there is failure of proof of a valid approval by the commission of reinstatement of the petitioner.

3. The prayer of the petition is that the petitioner be reinstated. Since he has not shown compliance with the statutory provisions for obtaining commission approval of his reinstatement, it is unnecessary to decide whether mere "approval" by the commission of his reinstatement would require the respondent to reinstate him if the respondent decided not to fill any existing vacancy or if there were no vacancy to which the petitioner could be appointed (compare procedure under G. L. [Ter. Ed.] c. 31, § 27) or whether the petitioner would then be merely eligible for reinstatement if a vacancy should later occur or should be later filled.

*Judgment affirmed.*