ARTHUR E. CUSHING *vs.* FIRE COMMISSIONER OF BROOKLINE.

Norfolk. January 7, 1963. — February 6, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Civil Service. Public Board.*

The rights of a civil service employee who, following absence from duty for about three months by reason of illness, ineffectually sought restoration to duty for some months and finally invoked G. L. c. 31, § 46C, must be determined on the basis that he had been "separated from" his position.   [421]

The requirement of G. L. c. 31, § 2 (b), that the reasons of the Civil Service Commission for reversing action of the Director "be stated in the records of the proceedings of the commission" does not mean that the reasons must be set forth in the commission's vote of reversal. [421–422]

In the absence of anything to show the contrary, it was to be presumed that the reasons for a decision of the Civil Service Commission reversing action of the Director were "stated in the records of the proceedings of the commission" in accordance with G. L. c. 31, § 2 (b). [422]

Upon refusal by the appointing authority to request under G. L. c. 31, § 46C, reinstatement of a civil service employee who had been separated from his position by illness, refusal by the Director of Civil Service of the employee's request for approval of his reinstatement, and appeal to the Civil Service Commission, a decision by the commission that the action of the Director be reversed and that the reinstatement "be approved" was binding on the appointing authority at least to the extent of requiring appointment of the employee to fill the first vacancy in the same class of position filled after the decision; and where the appointing authority, after receiving notice of the decision, appointed another person to fill such a vacancy, the employee became entitled to reinstatement as of the date of that appointment. [422–423]

BILL IN EQUITY filed in the Superior Court on March 2, 1961.

The suit was reported by *Pecce, J.*

*Joseph J. Hurley* (*Henry P. Crowley* with him) for the plaintiff.

*Daniel G. Rollins* (*Phillip Cowin*, Town Counsel, with him) for the defendant.

SPIEGEL, J.    This is a bill in equity brought under G. L. c. 231A for a "declaration as to the employment status of the plaintiff relative to the Fire Department of the Town of Brookline." The facts have been agreed and a judge of the Superior Court reported the case without decision.

The defendant, as fire commissioner of the town of Brookline, is the appointing authority for the Brookline fire department. In 1950, the plaintiff was appointed to the position of fire fighter in the department. The appointment was a permanent one and the position is subject to the provisions of G. L. c. 31.

On March 17, 1956, the plaintiff suffered a lumbosacral sprain while performing duties as a member of the department. On July 3, 1957, he was hospitalized at the suggestion of an orthopedic specialist to whom he had been re-

ferred by the department physician because of recurring "back pain," and was confined there until October 3, 1957. On September 4, 1957, the chief of the department notified the plaintiff in writing that the plaintiff's sick leave had ended on September 3, 1957; that he would be carried as on vacation until September 17, 1957; and that on September 18, 1957, his name would be removed from the payroll of the department. Under date of September 25, 1957, the chief of the department informed the plaintiff in writing that the plaintiff was on a "sick leave without pay" status.

Following the plaintiff's discharge from the hospital on October 3, 1957, he presented himself for duty on October 7, 1957, and on each Wednesday thereafter until notified by the chief of the department that he need not continue to report. The plaintiff was not restored to duty, despite requests for restoration made to the defendant in November, 1957, January, 1958, and February, 1958. On January 6, 1958, the plaintiff presented to the defendant a certificate from a hospital official stating that "[t]he physician in charge of your case states there is no contraindication to your returning to work at the present time." The records of the department indicate that the plaintiff at no time requested, or was granted, a leave of absence.

On July 6, 1958, and again on December 22, 1958, the plaintiff requested the defendant to apply to the Director of Civil Service for approval of his reinstatement under G. L. c. 31, § 46C. The defendant refused to do so whereupon the plaintiff himself requested the Director of Civil Service to approve his reinstatement under that statute. Ultimately, the Director of Civil Service refused the requested approval and the plaintiff appealed to the Civil Service Commission. On March 16, 1960, the commission unanimously rendered a final vote reading in part: "Voted: . . . To reverse the action of the Director and to render a decision that the reinstatement of Arthur E. Cushing to the position of Firefighter in the Brookline Fire Department be approved, and the Director shall make this decision a matter of record in the Division of Civil Service." On March 19, 1960, the defendant was notified by the commis-

sion of this vote but refused to reinstate the plaintiff.

The plaintiff's position of fire fighter in which he actively served prior to July 3, 1957, has not been filled since that date. However, on March 28, 1960, an appointment was made by the defendant of a person to the position of fire fighter in the department to replace another fire fighter who had left the service of the department. The number of fire fighters in the department is not fixed by any by-law, rule or regulation but is within the discretion of the defendant.

The plaintiff contends that he never was separated from his position as fire fighter, either before October 7, 1957, or after that date. Although the element of time alone is not the decisive factor in determining "separation from service," this court has held that the absence from duty for three months due to illness constitutes such a "separation" of one protected by the civil service law. *Dunn* v. *Commissioner of Civil Serv.* 279 Mass. 504, 509–510. The actions of the parties themselves, since July, 1958, indicate that they conceived the dispute to be one of "reinstatement" of the plaintiff to a position from which he had been "separated." The plaintiff's invocation of G. L. c. 31, § 46C, as amended through St. 1947, c. 373, § 2,[1] which provides for the reinstatement of employees "separated from the . . . service" is evidence that the plaintiff no longer considered himself a member of the department.

It follows that, if the plaintiff is to be reinstated to his former position, it must be because of the decision of the Civil Service Commission pursuant to G. L. c. 31, § 46C. The defendant takes the position that this decision is "in-

[1] The section as so amended reads in part as follows: "An . . . employee . . . of any city or town who has been separated from the official or labor service for any reason other than . . . [exceptions not here pertinent] may, upon the request of the appointing authority and with the approval of the director, be reinstated in the same position or in a position in the same class and grade as that formerly held by him. If the director fails to approve the reinstatement of such officer or employee within thirty days after the request of the appointing authority, the appointing authority or such officer or employee may make a request for a hearing before the director. If the separation from service of such an officer or employee was due to illness, and the appointing authority fails to make a request for reinstatement upon demand of such officer or employee, the officer or employee may make a request for a hearing before the director. In either case, the director shall forthwith hold a hearing, hear all parties concerned, and render his decision."

valid" for lack of compliance with G. L. c. 31, § 2 (b), as
amended through St. 1945, c. 725, § 1, which section imposes
certain duties on the commission and provides "that no de-
cision or action of the director shall be reversed or modified
. . . except by three affirmative votes of the commission,
*and in each case the specific reasons therefor shall be stated
in the records of the proceedings of the commission . . .*"
(emphasis supplied).  The defendant argues that, since the
commission's vote did not refer to any "specific reasons"
for the action taken, the vote must be set aside.  This argu-
ment reads too much into the statute.  General Laws c. 31,
§ 2 (b), requires only that the "reasons" for the decision
appear in the "records of the proceedings of the commis-
sion," not that they be referred to in the draft of the final
vote taken.  As nothing appears in the record before us to
imply that the proceedings before the commission were de-
fective, we will presume in favor of the regularity of the
proceedings.  See *Co-Ray Realty Co. Inc.* v. *Board of Zon-
ing Adjustment of Boston,* 328 Mass. 103, 108.

The remaining question concerns the effect that must be
given to the vote of the Civil Service Commission that the
"reinstatement" of the plaintiff "be approved."  In *Caul-
field* v. *Fire Commr. of Brookline,* 336 Mass. 569, 572, this
court found it "unnecessary to decide whether mere 'ap-
proval' by the commission of his [petitioner's] reinstate-
ment would require the respondent to reinstate him if the
respondent decided not to fill any existing vacancy or if
there were no vacancy to which the petitioner could be ap-
pointed . . . or whether the petitioner would then be merely
eligible for reinstatement if a vacancy should later occur or
should be later filled."  General Laws c. 31, § 46C, more
fully set out in the margin, *supra,* contains the provision:
"If the separation from service of such an officer or em-
ployee was due to illness, and the appointing authority fails
to make a request for reinstatement upon demand of such
officer or employee, the officer or employee may make a re-
quest for a hearing before the director.  In either case, the
director shall forthwith hold a hearing, hear all parties con-

cerned, and render his decision.'' Unless this provision of
the statute is to be deemed of ''no force or effect,'' *Gillam* v.
*Board of Health of Saugus,* 327 Mass. 621, 623, the appoint-
ing authority cannot ignore the decision of the director or
of the commission. The clear implication of the quoted
section is that the judgment or action of the appointing
authority may be reversed by the director, after a hearing,
or by the commission, on appeal.

To compel the appointing authority to create a vacancy
or to fill a present vacancy may impede a bona fide economy
measure and unduly interfere with municipal executive of-
ficers. At the very least, however, the statute must be in-
terpreted to grant the commission the right to order the
plaintiff appointed to the first vacancy in the same class
filled after the commission's decision. On March 28, 1960,
after the defendant had notice of the decision of the Civil
Service Commission, he appointed another individual to a
vacancy in the position of fire fighter in the department. It
follows that the plaintiff is entitled to reinstatement as of
that date. A declaratory decree is to be entered in accord-
ance with this opinion.

*So ordered.*