GLORIA SESSLER *vs.* THOMAS F. O'DONNELL. January 2, 1964. Exceptions overruled. This petition to vacate judgment in an action of tort for slander was denied, and the petitioner excepted. In the tort action the petitioner was the plaintiff. A demurrer to the declaration was sustained with leave to amend. The plaintiff filed an amended declaration but no motion, and the case went to judgment for the defendant (the respondent here). At the hearing on the petition no evidence was presented, and other than the denial no ruling adverse to the petitioner was made. That ruling was discretionary, and the exception brings no error to our attention. *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83. *Mergupis* v. *Hackett,* 331 Mass. 759. *Fox* v. *Bottomly,* 341 Mass. 701, 702. The petitioner's contention that the judge impliedly ruled that there was not involved a genuine question deserving consideration is not sustained by the record.

*Robert F. McGrath* for the petitioner.

*Thomas E. Dwyer* (*Alfred L. Podolski* with him) for the respondent.

CHESTER S. SKOWRONSKI *vs.* CITY OF WORCESTER & another. January 3, 1964. Decrees affirmed. These are appeals from interlocutory decrees sustaining demurrers to the bill in a suit for a declaratory decree and from a final decree dismissing the bill. Pertinent averments of the bill are as follows: On September 25, 1947, the plaintiff was given a permanent appointment as a patrolman in the police department of the city of Worcester. On April 8, 1955, he was hospitalized as the result of an accident which occurred while he was performing his duties. Thereafter, he was not restored to duty. On April 1, 1956, he was removed from "pay status." On May 29, 1957, the plaintiff brought an action of contract against the city of Worcester claiming compensation from April 1, 1956. There was a finding for the city. On March 11, 1960, the plaintiff filed a complaint with the Civil Service Commission. He was given a hearing and on May 26, 1960, was informed that he was still a member of the civil service system of the city of Worcester. The plaintiff requests this court, among his other prayers, to determine and establish the procedural course open to the plaintiff. This is not the purpose of G. L. c. 231A. "Cases may arise where the plaintiff has failed to state a case presenting a controversy proper for determination under the declaratory procedure and in such a case there is no reason why a demurrer may not be sustained." *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 145. *Brown* v. *Neelon,* 335 Mass. 357, 360–361. The averments in the plaintiff's bill do not state a case for a declaratory decree. In any event, in order for the plaintiff to prevail he would have to show compliance with the provisions of G. L. c. 31, § 46C. *Cushing* v. *Fire Commr. of Brookline,* 345 Mass. 418. There was no error.

*C. A. Peairs* (*Arnold W. Olsson* with him) for the plaintiff.

*James J. Kelleher,* Assistant Attorney General, for the Civil Service Commission.

*Harry J. Meleski,* City Solicitor, for the City of Worcester.