RAYMOND BROUILLETTE *vs.* CITY OF WORCESTER & another. January 11, 1974. Brouillette, a police officer in Worcester, was duly notified under G. L. c. 31, § 43 (a), by the city manager as appointing authority, that a hearing would be held to determine whether his services should be terminated because of his commission of specified acts constituting improper conduct as an officer. Appearing at the hearing on January 19, 1972, conducted under the same section by the city manager, Brouillette, on being called to testify, refused to take the stand or be sworn because, he asserted, some of the acts charged against him amounted to criminal offences, and he desired to seek a determination by a court as to his rights. When his request for a continuance for this purpose was denied, Brouillette withdrew from the hearing. The hearing proceeded; the city manager found that all the charges were supported by the evidence and terminated Brouillette's services on January 21, 1972. On January 24, 1972, Brouillette, as plaintiff, presented to a single justice of this court a bill against the city and the city manager, as defendants, for a declaration of rights with regard to testifying at a § 43 (a) hearing and for an order declaring the city manager's decision to be void, enjoining him from taking further action on the charges, and restoring the plaintiff to his position. The bill was filed on the law side. The defendants demurred to the bill, and the single justice sustained the demurrer. The plaintiff filed a notice of appeal from this order. The defendants moved to dismiss the appeal; a single justice denied the motion, to which the defendants excepted, and the ex-

---

[a]295 N.E. 2d 460.

ception is before the full bench on the defendants' outline bill of exceptions. The appeal must be dismissed. As the bill for a declaration was on the law side, review of the single justice's order sustaining the demurrer cannot be had by appeal, but rather by exceptions or report. *Procida* v. *Ianiantuani,* 295 Mass. 479 (1936). *Lord* v. *Selectmen of Winchester,* 346 Mass. 786 (1964). *Arruda, petitioner,* 347 Mass. 772 (1964). Even if the bill could be characterized as equitable, appeal fails because that requires a final decree, and an order sustaining a demurrer is not final. *Rowe* v. *Bragg,* 300 Mass. 298 (1938). *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 339 (1957). *Elbaum* v. *Sullivan,* 344 Mass. 662, 665 (1962). In any event the bill for a declaration does not lie; on the present facts the plaintiff was required to follow the statutory system for attacking errors (if there were any, as to which we express no opinion) in the proceedings looking to the termination of his services as a police officer. G. L. c. 31, §§ 43 (a)-(d), 45, 46A. *Police Commr. of Boston* v. *Ciccolo,* 356 Mass. 555 (1969). See *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination, ante,* 444 (1973). Cf. *Skowronski* v. *Worcester,* 346 Mass. 778 (1964); *Silverio* v. *Municipal Court of Boston,* 355 Mass. 623 (1969).

*Appeal dismissed.*

*Henry P. Grady,* City Solicitor (*David B. Williams,* Assistant City Solicitor, with him) for the City of Worcester & another.

*H. Hoover Garabedian* for the plaintiff.