GEORGE NAWN *vs.* BOARD OF SELECTMEN OF TEWKSBURY & another.

Middlesex.     October 19, 1976. — December 24, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Res Judicata.     Civil Service.*

Where a discharged civil service employee successfully appealed his discharge under the provisions of G. L. c. 31, § 46A, his successor was bound by that decision and was not entitled to the procedural protections of G. L. c. 31, § 43(*a*). [717-718]

PETITION for a writ of mandamus filed in the Superior Court on April 30, 1973, and subsequently amended to a suit for declaratory relief.

The case was heard by *Cross, J.*

The case was submitted on briefs.

*Walter H. McLaughlin, Jr.,* for George Nawn.

*Lewis M. Engleman* for William Granfield.

*Aaron K. Bikofsky* for the Board of Selectmen of Tewksbury.

ARMSTRONG, J. The plaintiff attempts by this bill in equity for declaratory relief to be restored to the position of building inspector in Tewksbury. He appeals from a judgment dismissing the bill.

The plaintiff has confined his argument to the merits of the case, concerning which the facts are undisputed. On May 18, 1971, the selectmen appointed the defendant Granfield to the position of building inspector. On June 29, 1971, the selectmen met "officially" with Granfield to discuss various complaints made against him. The next day they sent him a letter discharging him and stating reasons therefor, and on August 9, 1971, they appointed the plaintiff Nawn to the position. Granfield, however, contested his discharge by filing a petition for a writ of mandamus under G. L. c. 31, § 46A. The action was referred to an auditor who found for Granfield. On April 17, 1973, the selectmen entered into a stipulation by which they consented to the entry of judgment for Granfield, and accordingly a peremptory writ of mandamus issued ordering his reinstatement. On April 27, 1973, the selectmen notified Nawn by letter that his services in the position of building inspector were terminated. It is conceded that the procedures for discharge specified in G. L. c. 31, § 43 (a), were not followed.

On April 30, 1973, Nawn filed what appears to have been a petition to intervene in Granfield's mandamus action and to vacate the judgment therein. The petition was docketed as a "petition for writ of mandamus." On May 8, 1973, Nawn filed an appeal with the Civil Service Com-

mission. On May 11, 1973, he moved to amend his petition into a bill for declaratory relief and to transfer the case to the equity side of the court; the motion was allowed. On June 1, 1973, the defendants filed various pleadings seeking dismissal of the bill as a procedurally improper remedy. On October 2, 1973, before the court had ruled on those pleadings, the Civil Service Commission notified Nawn that his appeal would not be considered because he had "elected" to pursue his judicial remedy. The court reserved decision on the procedural question as the case went to trial and on March 4, 1975, denied dismissal on the procedural ground, ruled on the merits that Nawn was not entitled to the procedural protections of G. L. c. 31, § 43 (a), and dismissed the bill.

The plaintiff's contention is that the judgment entered in the Superior Court in the present proceeding was erroneous because it violated a basic limitation on the doctrine of res judicata, that ordinarily one not a party to an action cannot be bound by determinations of fact or law made therein. The plaintiff was not a party to Granfield's mandamus action (although he was obviously aware of the action because he was a witness therein), and he concludes from that that he is not bound by the determination that Granfield was unlawfully discharged and that he is entitled to litigate that issue anew. We do not agree. In our view, the fact that the mandamus action ended in a court order that Granfield be reinstated, whether rightly or wrongly, was conclusive against the plaintiff, because whatever status the civil service law gave the plaintiff as a result of his employment as building inspector was contingent on the outcome of Granfield's timely filed challenge to his discharge.

We know of no authority for the plaintiff's assumption that he was (and still is) entitled to be heard on the question of Granfield's reinstatement. We think that the contrary is commonly understood to be the case. Clearly, the plaintiff had no rights against Granfield at the time that Granfield was discharged or when Granfield filed his petition for a writ of mandamus. It seems equally clear that the

plaintiff's subsequent appointment as building inspector
and his occupancy of that position could not impair Gran-
field's position in any way or affect the outcome of Gran-
field's mandamus action. Granfield's entitlement to rein-
statement, both at the time he filed his petition for a writ
of mandamus and thereafter, was a matter solely between
him and the selectmen as his appointing authority. We
need not consider whether the outcome might be different
if there had been evidence that the judgment in the man-
damus action resulted from improper collusion between
Granfield and the selectmen.

One who takes a civil service job knows (or should
know) that, if his predecessor was discharged and has ap-
pealed his discharge in one of the ways provided in the
civil service law, he takes the job subject to an infirmity or
contingency; and that if his predecessor's discharge is fin-
ally determined to be invalid, he will be unable to continue
in the job. He has, in a sense, implicitly consented to this
arrangement. Compare *Branche* v. *Fitchburg,* 306 Mass.
613, 614-615 (1940). Although his continuation in the job
depends on a contingency, he has no legal rights with re-
spect to the occurrence or non-occurrence of the contin-
gency.

Thus, when a discharged employee is ordered reinstated
by court order, no hearing under § 43 (a) need be accorded
one who has served in the position in the interim. An op-
posite result would make no sense, for the appointing au-
thority in such a case has no discretion; it acts as ordered
by the court. No purpose could be served by according the
interim employee a hearing at which the appointing au-
thority would only be asked to reconsider the correctness
of the court's decision ordering it to reinstate the dis-
charged employee. Neither § 43 (a) nor the Constitution
requires a hearing when there is nothing to be decided. "A
governmental employee does not have an absolute consti-
tutional right to notice and a hearing before his discharge."
*Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 760, fn. 3
(1976), and cases cited.

This was a proceeding for declaratory relief. Such a pro-

ceeding should normally culminate in a declaration of rights rather than dismissal. *Zaltman* v. *Daris,* 331 Mass. 458, 462 (1954). *Vesce* v. *Gottfried,* 353 Mass. 568, 569 (1968). *Jewel Cos. Inc.* v. *Burlington,* 365 Mass. 274, 277 (1974). But the remedy finally selected by the plaintiff appears incompatible with the rights he was asserting.[1] One claiming to have been discharged in violation of § 43 (*a*) is normally confined to the remedies afforded by §§ 43 (*b*), 45 or 46A. *Brouillette* v. *Worcester,* 364 Mass. 833, 834 (1974). *Canney* v. *Municipal Court of the City of Boston,* 368 Mass. 648, 653-654 (1975). Since the point does not affect the substantive rights of any of the parties, we can assume that the judgment of dismissal was correctly entered though for the wrong reason.

*Judgment affirmed.*

---

[1] Without implying that counsel who lose their way in the labyrinth of civil service remedies are necessarily to be faulted, we point out that the plaintiff was not represented by his present counsel until a much later stage in the litigation.