MANUEL R. MASSA, JR. *vs.* BOARD OF SELECTMEN OF FAIRHAVEN. May 27, 1977. The theory on which the plaintiff appears to base his claim for reinstatement as a police officer is that he was unlawfully induced to resign from that position by misrepresentations of the defendants, and not that he was discharged in violation of the civil service law. For that reason the case does not fall within the rule that one seeking review of a discharge allegedly made in violation of the civil service law must avail himself of one of the remedies afforded by G. L. c. 31, §§ 43(*b*), 45, or 46A, and may not normally proceed by way of a complaint seeking declaratory relief. See *Brouillette* v. *Worcester,* 364 Mass. 833, 834 (1974); *Canney* v. *Municipal Court of the City of Boston,* 368 Mass. 648, 654 (1975); *Nawn* v. *Selectmen of Tewksbury,* 4 Mass. App. Ct. 715, 718-719 (1976). Rather, it falls within the usual rule that "[o]rdinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event." *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405, 406 (1956), and

cases cited. That principle is equally applicable to motions under Mass.R.Civ.P. 12(b)(6) (365 Mass. 755 [1974]) seeking dismissal of complaints for declaratory relief. For that reason the judgment is technically erroneous. Furthermore, we shall not pass on such issues as (1) the legal significance of the defendant's alleged misrepresentation and (2) whether G. L. c. 41, § 96B, excuses failing grades at police training school where the failure can be traced to family difficulties, until it has been established that the factual predicates implicit therein are the facts of the present case. The judgment and the order allowing the motion to dismiss are reversed, and the case is to stand for further proceedings not inconsistent herewith.

*So ordered.*

*Kevin P. Phillips* for the plaintiff.
*William H. Carey* for the defendant.