ANTHONY PAVADORE vs. SCHOOL COMMITTEE OF CANTON. January 17, 1985. *School and School Committee,* Regulations, Termination of employment.

The plaintiff, Pavadore, appeals from a summary judgment dismissing his action in the Superior Court. The school committee employed Pavadore as a school custodian. He was fired for "insubordination" related to his leaving work early. Subsequent to his termination, Pavadore repeatedly requested a meeting with the school committee. His requests were not acted upon. The school committee asserts that Pavadore was an "at will" employee who was not entitled to invoke an appeal procedure set forth in the school committee's regulations. The sole determination necessary for a decision on the appeal is whether Pavadore is entitled to the benefit of procedures and rules set forth in the "Rules and Regulations of the School Committee of Canton" (regulations). G. L. c. 71, §§ 37 and 68. A school committee may adopt reasonable rules and regulations for the management of matters under its charge. See *Leonard* v. *School Comm. of Springfield,* 241 Mass. 325, 330 (1922). Pavadore was not aware of these regulations at the time he was hired.

The regulations set forth substantive grounds for dismissal and provide that "[a]ny employee of the Committee shall have the right of appeal in the following manner: 1. discussion of the problem with the employee's immediate supervisor. 2. a meeting with the Superintendent of Schools. 3. a letter to the Committee stating his grievance and the relief desired. 4. a meeting with the Committee." Despite Pavadore's requests that these procedures be followed, the school committee refused to do so.

We think that these regulations cannot be circumvented. This court and the Supreme Judicial Court have often discussed the effect of duly promulgated ordinances, regulations, and statutes on the rights and duties of persons affected by them, and on the public body that issues them.

In *Nawn* v. *Selectmen of Tewksbury,* 4 Mass. App. Ct. 715, 718 (1976), we held that civil service employees are bound by all relevant provisions of the civil service law when they are hired, even though they may not have actual notice of the provisions. In a somewhat comparable case, *Wilkinson* v. *New England Tel. & Tel. Co.,* 327 Mass. 132, 135 (1951), the Supreme Judicial Court determined that regulations of a utility company, filed with and approved by the Department of Public Utilities, are binding on the utility's customers, whether or not they have actual notice of them. In *Niles* v. *Boston Rent Control Administrator,* 6 Mass. App. Ct. 135, 150 (1978), we held that rules "promulgated pursuant to a legislative grant of power have the force of law and are binding on the agency which issued them." Even when the rule-making body retains the power to revoke or amend the regulations (as the school committee did here), they "may not be arbitrarily disregarded by individual members of the rule-making body to the prejudice of a party's essential rights." *DaLomba's Case,* 352 Mass. 598, 603 (1967). See also *Bath* v. *Freeport,* 5 Mass. 325, 326-327 (1809).

The proposition urged by the school committee, that regulations apply to the parties only when an employee is aware of them, strikes us as unsound. Likewise, a school committee cannot promulgate regulations that on their face apply to all employees, then *informally* create a class of "at will" employees to whom those regulations do not apply. Pavadore, therefore, is entitled to enforce the regulations of the school committee against that body. This conclusion renders it unnecessary for us to consider the other issues raised on appeal. We reverse the judgment and remand the case for further proceedings consistent with this opinion.

*So ordered.*

*Monica Halas Allison* for the plaintiff.
*Barbara J. Saint Andre* (*James A. Toomey* with her) for the defendant.