DOROTHY MELLO *vs.* MAYOR OF FALL RIVER & others. July 30, 1986.
*Municipal Corporations,* Officers and employees, By-laws and ordinances. *Civil Service,* Termination. *Public Employment,* Residence requirement, Termination of employment. *Constitutional Law,* Public employment.

The plaintiff appeals from a judgment dismissing an action brought under G. L. c. 31, § 42,[1] in which she sought reinstatement to her position as a principal clerk in the water department of the city of Fall River. There is no dispute as to any material fact, and the case was decided by a judge of the Superior Court by summary judgment.

The plaintiff began employment with the water department as a clerk-typist on March 6, 1967. On January 5, 1980, she was promoted to principal clerk. The plaintiff had been at all times during her employment a resident of Fall River until September 4, 1984, when she moved to the neighboring town of Dartmouth.

In 1977, the city adopted an ordinance which required employees hired or promoted by the city after January 1, 1978, to be residents of the city. Revised Ordinances of Fall River, c. 23, § 23-1. In 1982, the ordinance was amended by Ordinance 1982-20, so as to eliminate a two-year grace period for employees when first hired and to provide that employees hired

---

[1] The plaintiff also sought a declaratory judgment under G. L. c. 231A. A declaratory judgment was not entered, nor should it have been. See *Brouillette* v. *Worcester,* 364 Mass. 833 (1974); *Nawn* v. *Selectmen of Tewksbury,* 4 Mass. App. Ct. 715, 718-719 (1976). Contrast *Canney* v. *Municipal Court of the City of Boston,* 368 Mass. 648, 653-655 (1975).

or promoted after the relevant dates "shall maintain residency during the time of employment by the city." The relevant portion of the amended ordinance as it was applied to the plaintiff is as follows: "All persons promoted by the city on or after the second day of January, 1978 shall be, or within two years of such promotion become, a resident of the city as defined herein, and shall maintain residency during the time of employment by the city. Failure to do so shall be determined to be a voluntary termination of employment."

On November 6, 1984, the personnel director of the city sent a letter to the plaintiff (then on authorized leave of absence) advising her, among other things, of the residency requirement and quoting the portion of the ordinance set forth above, made applicable by virtue of the plaintiff's promotion. On December 4, 1984, the personnel director again wrote to the plaintiff advising her of the ordinance residency requirement as it applied to her situation. This letter referred to telephone conversations, on the day before and on the day of the letter, between the director and the plaintiff with respect to the residency requirement. The letter apparently had attached to it a copy of the ordinance and informed the plaintiff that failure to present evidence of residency would result in "voluntary termination." When the plaintiff returned to work on December 14, 1984, she was given a written termination notice for failure to comply with the ordinance, together with another copy of the ordinance; the termination took effect immediately. The plaintiff had been a tenured civil service employee. See G. L. c. 31, § 1.

On appeal, the plaintiff argues that her dismissal was illegal because the procedures followed were not in accordance with the civil service laws and that, in any event, the ordinance is unconstitutional.

1. *Compliance with procedural civil service laws.* It is undisputed that the plaintiff was not afforded a hearing by the appointing authority prior to the termination of her employment. The plaintiff argues that failure in itself requires that she be reinstated to her position with back pay. The plaintiff says this is so because G. L. c. 31, § 41, requires that a hearing be held by the appointing authority before a tenured employee may be discharged. The defendants ignore the argument, apparently relying on the language of the ordinance which characterizes violation of the residency requirement as a "voluntary termination." We give that description no talismanic effect, however, and treat the termination of the plaintiff's employment as a "dischage" within the meaning of G. L. c. 31, § 41.

Section 41 provides, among other things, that prior to discharge for just cause a tenured civil service employee must be given a hearing by the appointing authority. See *Patch* v. *Mayor of Revere*, 397 Mass. 454, 457 (1986); *Weston* v. *Maguire*, 10 Mass. App. Ct. 540, 541 & n.3 (1980). General Laws c. 31, § 42, gives to a discharged employee alternative routes by which to seek reinstatement and other relief. Such an employee may appeal to the Civil Service Commission and have judicial review of that body's decision (G. L. c. 31, §§ 43 & 44) or, as here, bring a direct action

in the Superior Court. While the form of permissible attack on the appointing authority's action has varied somewhat over the years, it has long been held that the first levels of available review (Civil Service Commission or judicial) are not substantially different but only offer procedural alternatives. See, e.g., *Chartrand* v. *Registrar of Motor Vehicles*, 347 Mass. 470, 476-477 (1964); *Bergeron* v. *Superintendent, Walter E. Fernald State Sch.*, 353 Mass. 331, 333 (1967); *Police Commr. of Boston* v. *Ciccolo*, 356 Mass. 555, 558-559 (1969).

The first paragraph of G. L. c. 31, § 42, provides in pertinent part (as appearing in St. 1978, c. 393, § 11): "If the [Civil Service] commission finds that the appointing authority has failed to follow said requirements and that the *rights of [the employee] have been prejudiced thereby*, the commission shall order the appointing authority to restore said person to his employment immediately without loss of compensation or other rights" (emphasis supplied). A requirement of a finding of prejudice as a prerequisite to an order for reinstatement and other relief by a Superior Court judge where direct judicial review of procedural irregularities is sought is implicit. See *Commonwealth* v. *Galvin*, 388 Mass. 326, 328-329 (1983). As we have noted, the avenues of first level review are not different in substance.

Here the plaintiff has shown no prejudice from the failure of the appointing authority to give her a hearing before discharge. The plaintiff did not dispute that she was not a resident of Fall River when she was discharged and had not suggested that she would comply with the ordinance. The ordinance did not allow the appointing authority discretionary application. The plaintiff was for some time fully aware of the appointing authority's position and of the reason for her discharge. To require a hearing before discharge in these circumstances, at risk of automatic reinstatement without loss of pay or other rights, when there was nothing to be decided by the appointing authority would be stultifying. See *Nawn* v. *Selectmen of Tewksbury*, 4 Mass. App. Ct. 715, 718 (1976). Cf. *Mulrain* v. *Selectmen of Leicester*, 13 Mass. App. Ct. 48, 53 (1982).

2. *Federal constitutional challenges*.[2] The plaintiff's arguments that the residency requirement is irrational and violates the due process and equal protection clauses of the Fourteenth Amendment and the right to travel recognized by the United States Constitution have been fully answered in *McCarthy* v. *Philadelphia Civil Serv. Commn.*, 424 U.S. 645, 646-647 (1976). See also *Wardwell* v. *Board of Educ. of Cincinnati*, 529 F.2d 625 (6th Cir. 1976), and cases cited. Cf. *Milton* v. *Civil Serv. Commn.*, 365 Mass. 368 (1974).

The ordinance by its plain terms applied to the plaintiff. She argues, however, that as she was promoted to principal clerk in 1980 and the ordinance was not amended to require employees to maintain residency until

---

[2] The plaintiff does not argue, nor could she on the state of the record, that there had been selective enforcement of the ordinance.

1982, it cannot be applied to her. Assuming, without deciding, that the 1982 amendment added a requirement not already clearly implict, there is no constitutional impediment to the application of the amendment to the plaintiff so as to impose a condition of continued employment. *Doris* v. *Police Commr. of Boston*, 374 Mass. 443, 444-445, 450 (1978).

Finally, it was not necessary for the city council to make explicit findings to support the legislative determinations it made in the preamble to the ordinance as to the importance and benefits to Fall River of municipal employee residency. See *Marshal House, Inc.* v. *Rent Control Bd. of Brookline*, 358 Mass. 686, 695 (1971).

3. *Other matters.* The plaintiff's argument that a violation of the ordinance cannot constitute "just cause" for discharge is inextricably linked to her contention that the ordinance is irrational as not related to job performance. That position has been foreclosed.[3] We have examined the other arguments in the diffuse brief and reply brief of the plaintiff and consider them to be answered by our prior discussion.

*Judgment affirmed.*

*Wayne Soini* for the plaintiff.

*Bruce A. Assad*, Corporation Counsel, & *Ralph A. Roberts*, Assistant Corporation Counsel, for the defendants, submitted a brief.

---

[3] In addition, the plaintiff makes this argument for the first time on appeal. See *Devine* v. *Nantucket*, 16 Mass. App. Ct. 548, 552 (1983), and cases cited.